**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

REGINALD BROOKS,

      Plaintiff,

        v.                        CAUSE NO. 2:26-CV-258-TLS-AZ

WILLIAM S. LEBRATO, TYREE
BARFIELD, NATHAN MCELROY,
MICHAEL MIDDLETON, TASHA B. LEE,
SHANNON M. WHITE, MICHAEL J.
McALEXANDER, and FRANCES C. GULL,

      Defendants.

**OPINION AND ORDER**

Reginald Brooks, a prisoner without a lawyer, filed a complaint suing four public defenders, three prosecutors, and a judge. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Brooks alleges the four public defenders have not properly represented him in his State criminal case. These allegations do not state a claim because public defenders do not act under color of state law. *McDonald v. White,* 465 F. App'x 544, 548 (7th Cir. 2012) (explaining claims against a public defender are frivolous because a "court-appointed public defender is not a state

actor, and thus cannot be sued under 42 U.S.C. § 1983"); and *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Brooks alleges the three prosecutors are complicit in the denial of his rights because they know his public defenders are not properly representing him. These allegations do not state a claim because they have prosecutorial immunity. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). "Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quotation marks and citation omitted).

Brooks alleges the State court judge incorrectly told him he had co-counsel, granted a motion allowing a public defender to withdraw, and is aware the public defenders are not properly representing him. These allegations do not state a claim because the judge has judicial immunity. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on June 16, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT